May it please the Court, my name is Robert Brockman on behalf of the City of Lomita. I'd like to reserve three minutes for rebuttal. Your Honors, in 1990, Congress passed the ADA, including Title II, but it didn't end there. As part of the legislation... Why are you spending so much effort swimming against such a strong tide? Well, I think it's very... I think it's clear, Your Honor, that the tide is certainly one that the Department of Justice can help us with here. In 1990, when Congress passed the ADA, they specifically gave the Department of Justice, the Attorney General, the obligation to pass specific regulations, enforceable regulations that would be clear, strong, consistent, and enforceable regulations to implement the ADA. How do you distinguish this case from Barden? Because there, there was no specific regulations requiring the maintenance of sidewalks either, but there was plenty of guidance for the City to follow. So why is this case different? Because I believe that there were regulations on point that we could use with regard to the sidewalk ramps that were being implemented at that time. But I think what's interesting in this case is that we all agree in this particular case that there is no regulation regarding on-street parking. So the issue before this Court is if, for the very first time, this Court is going to find a public entity in violation without any regulation in place at all. So your bottom line position is that you have no obligation under the ADA unless there's a precise regulation that governs the activity? That is the directive that Congress... No, is that your argument? Our argument is that... Where in the statute does it say that, under Title II, that a public entity's obligation to comply with the ADA is not enforceable unless there are regulations? Congress directed the establishment of regulations in order to enforce it. So when Congress passed the ADA, it wasn't just... But when Congress wants to do that, they're very clear. They say, you know, they make a bold statement and they say they give an agency the authority to define the circumstances under which... Well, I think it was more than just define the circumstances. Congress passed a sweeping piece of legislation, but then said specifically, you need to establish enforceable regulations so we know what the standards are, what the substantive standards are. And the Department of Justice has done that in one particular area with respect to parking lots and parking garages, and the department acknowledges at this point that it has not yet adopted regulations for on-street parking. And in particular, in its proposed 2011 ADA guidelines, it specifically states that there isn't any legal enforceability of the proposed guidelines until they are adopted by the Department of Justice. So what is being asked of this Court at this time is that this Court step in and legislate what the Department of Justice has yet to do. Well, the government filed an amicus brief in here basically disagreeing with everything you've just said. Well, I don't think so. I think the Department of Justice filed its brief indicating that it acknowledges that there isn't a regulation in place at this point. And I believe that under USC... But they certainly don't argue that that relieves you of any obligation to comply with the ADA. No, but I think they're missing, the link that they are missing there is that compliance with the ADA, as Congress passed it under 42 USC 12-134, is two parts. They passed the ADA, and then Congress says that the Department of Justice needs to implement the ADA and come up with standards, guidelines, and regulations in order to do that. It wasn't simply a case of Congress passing a piece of legislation, and it's in effect right now. There's a second step to this, and that is the implementation of the regulations. And the Department of Justice in this particular case has acknowledged that that is the case, and has acknowledged that there has not been a regulation with respect to accessible on-street parking. And furthermore, acknowledges that it has been for more than a decade or so, or longer than that, considering what regulation should be in place with respect to accessible on-street parking. It further acknowledges that the directive from Congress is that the Department of Justice come up with clear, strong, and consistent standards, and it has not yet adopted a clear, strong, and consistent standard. I don't know if I'm going to ask the other side about this, too, but I think it's obvious what your answer is. I mean, these members of the Access Board, as I understand the plaintiff's argument, there's no need for the board. Well, according to the other side's argument, I think that that is the case. But I think Congress's directive, Congress's directive was we're passing this piece of legislation. We need to have the Department of Justice come up with specific standards for that. That is their directive. And we know at this point in time those standards have not yet been adopted. Has any court held that BADA without implementing regulations does apply to public parking? No. Certainly not in the Ninth Circuit has never held that. Any other circuit? The Fifth Circuit indicated that it was possible. But on the other hand, it was a 2010 case before this last draft of the 2011 proposed guideline in which the Department of Justice is acknowledging that until these are adopted, if and when they are adopted, they are not legally enforceable. And in those, we see proposed guidelines for accessible on-street parking. We also have a huge problem here in that as it stands at this point, there is no law, no regulation in place for a district court judge to issue an injunction. That's the problem that we've had in this case, or one of the problems that we've had in this case, is until there is a clear, strong, consistent, enforceable standard in place, a district judge is going to be left on a case-by-case, parking space-by-parking space, plaintiff-by-plaintiff case of trying to legislate what the Department of Justice has not yet done. And that's adopt some type of a regulation. But the problem that I have with your position is essentially that in the absence of specific design guidelines or specific regulations that speak directly to this issue, that the city then has no obligation. And that really flies in the face of the intent of the ADA and our prior case law, as well as case law across the country, that the ADA provisions are meant to be broadly construed. And I just don't see this case as being materially different than Barden, because in Barden, there were regulations not specifically addressing sidewalks, but talking about cutting curb ramps and addressing accessibility in general. And there, the DOJ construed that regulation broadly to include sidewalks, although it doesn't specifically address that situation. So in this case, granted, there's nothing specific with regard to the parking issue, but there are specific guidelines or general guidelines that address parking in general for parking structures, parking areas, parking facilities. Why can't we broadly construe that to cover this situation as well? I think the difference, and I think you pointed it out in the Barden case, is the Barden court was interpreting a regulation that was in place. The Department of Justice has already conceded here there is no regulation in place regarding accessible on-street parking. That's the distinction between these two. We are coming up with something entirely new. And, in fact, if there was a regulation dealing with accessible on-street parking, there would be no need for the Access Board to have developed its proposed guidelines, because it would already be in place. And there certainly wouldn't have been a need for that. How long is it going to take for the comment period and the department? You can't answer the question, but I would think the comment period is probably public knowledge. I don't know how long it's going to take the comment period, but it seems to me that the plaintiff in this case's complaint really is directed to the Department of Justice for not getting this done. Apparently not so. Well, according to them they have, but according to Congress, Congress told them not to develop basic vague principles. Congress told them to develop specific guidelines, specific standards that would be enforceable, that would be clear, strong, and consistent. And the problem that we're going to have in this case is we are going to, if we go on a case-by-case basis, we are going contrary to Congress's intent of having consistency. The plaintiffs in this case and the Department of Justice in this case showed, at least the plaintiffs did, showed photographs of different designs that appeared in different cities and pointed out that there are differences in them. That's contrary to what Congress wanted, consistency across the board so that we know. So the 400 and some public entities that are represented by the California League of Cities know what is expected of them. It is not that they don't want to comply with the ADA. The question is how they implement that, and Congress has directed the Department of Justice to do that, but the Department has not yet done that. Did you want to say some time for rebuttal? Yes, I do. Thank you. Okay. Thank you. Let's see, I believe the plaintiffs are going to share time with the government? Yes, sir. Okay. Good morning, Your Honors. It pleases the Court. Michelle Yoseta on behalf of Apelli, and we will be sharing time with the Department who will more directly address the applicability of Title II to on-street parking as well as the implementation of their regulations. I think part of the confusion in this case is that there's been a conflating of the concepts of program accessibility and precise technical standards that apply to new construction. The Access Board is charged to come up with those kind of technical requirements for new construction and alterations. It doesn't obviate a city's obligation to ensure program access for all that it does, and there's a lot of precedent that Title II does cover the extent of what a city does. Here, the on-street parking, I don't think there should be any question that that's a program, service, or activity that they're providing to the public. The idea that there's no guidance on how to make that program, service, or activity available to people with disabilities is really incorrect. Let me ask one question first. As you pleaded, as I understand it, the California claim is no broader than the federal claim. Is that correct? Yes, that's correct. There is guidance out there. There's been guidance in place about what constitutes accessible parking spaces since 1991. The guidelines provide for signage, for demarcation of the space, for the configuration, and these are all standards that are consistent with the new standards that are being proposed. So the idea here that somewhere along the line there's going to be some drastically different standard, that's just not accurate. There is authority for providing or for applying existing ADAG guidelines to facilities that don't have specific guidelines such as the on-street parking. The department has stated that to the extent possible where there's no guidelines that you apply the guidelines that are out there. In the proposed rulemaking regarding these public rights-of-way, the access board has commented that in the interim until those become applicable, that guidance and resources on accessible rights-of-way are available from the board and on its website, and those would include the existing guidelines. Finally, in the Ninth Circuit, the Oregon Paralyzed Veterans of America v. Regal Cinemas case, the court held, the Ninth Circuit held, that a broadly drafted regulation with a broad purpose such as the ADAG may be applied to a particular factual scenario not expressly anticipated at the time the regulation was promulgated. Is it correct that no court has yet held that absent an implementing regulation, a municipality must provide accessible parking on public streets? I'm not aware of such a case, but the Lange case did hold open the proposition that if the city is providing on-street parking to the public, it's going to need to make that program, service, or activity available to people with disabilities. It's part of the general obligation that cities have to provide meaningful access to their programs, services, and activities to people with disabilities. How many parking spots should the city dedicate to accessible parking? Well, I think we would look at the existing guidelines, which are consistent with the proposed guidelines, for guidance on that. And what would that guidance show you? Approximately one accessible car space per every 25 spaces. When you're required to have at least six accessible spaces, make one of those van accessible, and so on and so on. It's not rocket science. It's not. We're talking about parking spaces here. And a small little town on an island. Right, right. And when we're talking about workability, council for the city indicated there's this concern about all these inconsistencies. In our supplemental excerpts of records, we have photographs from four cities. We could have submitted more, but from four cities who have provided access to people with disabilities in their on-street parking. The inconsistencies have to do with the color of the paint, or whether something was outlined, or the location of the words, you know, disabled parking only. Those aren't grand inconsistencies. That certainly shouldn't be a concern to the city that rises to the level that they don't want to provide any access at all. Finally, the idea that analyzing program accessibility will have to be really fact-specific and on a case-by-case basis in the future. It's always that way with program accessibility. The ADA Title II is set up in a way where you have new construction claims and you have program access claims. The program accessibility requirements don't require retrofitting. So it really is up to a city's discretion how they implement that standard. It may be through retrofitting, it may be through something different, but there's going to be... There is a certain irony in a municipality which wants to control things to say, I want strict, specific regulations from the federal government. There's an irony in that. Correct. That's correct. I'd like to give the rest of the time to the defendant. Thank you, council. Thank you. May it please the court. Christopher Wang on behalf of the United States' amicus curiae, supporting Eppley. To fulfill the ADA's broad remedial purpose, Title II should be interpreted to require a public entity make public on-street parking reasonably accessible to and usable by individuals with disabilities, even absent a regulation specifically addressing this obligation. The plain language of Title II bars a public entity from discriminating against an individual with a disability or denying such individual the benefit of the entity's services, programs, or activities. As Judge Paya has pointed out, there's no condition on this statute that the ban on discrimination only becomes enforceable when the Department of Justice passes a specific regulation. Well, the legislation... The Congress did direct the Department of Justice to promulgate regulations. It did, Your Honor, but this specific ban on discrimination is not contingent on the Department passing specific regulations. The ban exists outside of those specific regulations. I imagine there's got to be a lot of governmental functions for which the DOJ has not issued specific regulations to address. Yes, Your Honor. This Court has specifically interpreted this ban on discrimination to cover anything a public entity does. So as you can imagine, there are many, many activities that a public entity does that under the city's view of the law would not be covered by Title II unless the Department of Justice specifically adopted a guideline proposed by the Access Board as a regulation. What is the role of the Access Board? The role of the Access Board is to provide guidelines going forward for... Except only new construction. For new construction, Your Honor. When there's no specific regulation on point, you have to fall back on the Program Accessibility Regulations, which are under 28 CFR Part 35. Basically, the role of the Access Board is to provide guidelines that are going to be subsequently adopted by the Department of Justice after some consideration, and they're going to provide additional guidelines to supplement the existing obligation of public entities to provide access to individuals with disabilities. What is the status of the comments and the action by the Department? Well, the comment period is over. A disability rights section attorney represented to me that she believes that the Access Board is going to issue a final rule by the end of 2014, and then that will put the ball into the Department of Justice's court to adopt the guidelines proposed by the Access Board as standards that will be applicable to new construction. Now, this process could take a while. I think we cited the case of prisons in which the Access Board took about six years between its notice of proposed rulemaking and its adoption of a final rule applicable to correctional facilities, and the Department of Justice adopted these as standards over a decade later. And I believe there was a Supreme Court case that indicated that Title II was still applicable to correctional facilities, even though the Department of Justice had not yet adopted these guidelines as standards, which illustrates our point that no specific regulation is required. Has the Department issued interpretive guidelines or manuals with respect to its regulations, suggesting that under the existing regulations? Well, it has issued a manual entitled the Technical Assistance Manual for Title II, which states that if there is no specific design standard on point, then a public entity need not apply a particular design standard, which seems fairly obvious. But it says that the public entity still must adhere to other requirements of Title II, including program accessibility, which is what we have in this case, where the city has basically said we don't have to provide any accessible parking at all because there is no specific regulation. And we think it's fairly obvious that, yes, under the regulations, you have to provide some accessible parking. And I would like to turn a little bit to the Barton case and I think Judge Motz's question about whether there's any court of appeals decision on point parking. To my knowledge, there is no court of appeals decision that has specifically held that in the absence of a regulation addressing on-street parking, that a public entity must nevertheless provide public on-street parking. But I think Judge Nguyen's point is very well taken, that this is basically the Barton case. I mean, in that case, we had an issue. Your opponent says there was a regulation. I respectfully disagree with the city's reading of Barton. In that particular case, there was a regulation that was addressing curb cuts, which are the indentations in the curb where the intersection meets the curb, so someone in a wheelchair can transition from the curb to the street. It doesn't talk about the sidewalks in between. Exactly. It does not refer at all to the sidewalks in between. And Judge Tsushima, in his opinion, specifically noted that there was no regulation specifically addressing sidewalks. And I think his opinion is very instructive. He based it essentially on two parts. The first is the plain language of Title II, which clearly covers, which this court has interpreted very broadly, and he said that providing and maintaining sidewalks are clearly a normal function of a city, as is providing public on-street parking in this case. And the second part of his holding was that he would defer to the opinion of the Department of Justice when it was reasonable. And we would submit that, yes, the plain language clearly covers public on-street parking in this case, and the Department of Justice's interpretation of the regulations to require accessible public on-street parking is eminently reasonable. In the Barton case, the Department of Justice's opinion came to the court in the form of an amicus brief, just as it did in this particular case. And basically the court said, you know, it was a very easy case for this court to decide. I would submit that this case is even easier than Barton, because in Barton there was absolutely no guidelines for a public entity to follow to determine how to make sidewalks accessible. I mean, this is not a particularly easy issue. I mean, you know, sidewalks have trash cans and benches and newspaper kiosks, and you have to – there are a lot of considerations for a public entity or a court to decide how to make a sidewalk accessible. In this particular case, as Judge Nguyen pointed out, you do have existing ADOT guidelines regarding parking facilities, which provide both technical and scoping requirements. You know, how wide does the parking space have to be? How wide does the access aisle have to be? How many spots are you going to require per number of general spots? And so we don't really have to – a public entity and a court don't have to reinvent the wheel in this particular case. Basically, they have guidelines that are – they have guidelines addressing an off-street parking site that is going to be physically very, very similar to the on-street parking in this particular case. And we don't expect that the guidelines that are subsequently going to be put forward by the Access Board and adopted by the Department of Justice are going to differ really in any material respect to the guidelines that are currently in place with regard to parking facilities. I see that I have about one minute left. I don't – you know, if the panel has any additional questions at this point, I'm more than happy to answer them. If not, I would just respectfully request that this court affirm the judgment of the district court. Okay. Thank you. I'd like to first address the irony. I think that the irony in this case is a result of the fact that the city, A, wants to comply, B, needs to know how to comply, and C – It can't be that difficult. It really can't. I think, Your Honor, I think that it is that difficult. Just as counsel just raised, we're going to come out with guidelines and they have to adopt something. The issue here from the other side of the table here is that we have to fashion something. The problem for the 400 and some public entities in the state of California is if we fashion something, how do we know that we are not going to be in litigation over and over and over again based on whatever it is that we have fashioned? And in the brief that was provided to us by the Department of Justice, it says that nonetheless they should look, with regard to on-street parking, a public entity should nonetheless look to them to achieve accessibility to the satisfaction of a court adjudicating the entity's compliance with Title II. If the eventual Department of Justice standards addressing accessible parking is less stringent than the accessible parking ordered by the court, the public entity may request that the court modify its order. The department seems to be suggesting here that we have no standard at this point. They refer to guidelines, but there's a big difference between a guideline and what is a regulation. And they're telling us we don't have a regulation, and they're trying to push the burden that Congress put on the Department of Justice to come up with regulations regarding parking. They're trying to push that burden off onto the court on a parking space by parking space, case by case basis. And then they are telling the public entity that if you create something... I mean, imagine the district court would say, you know, sit down, look at the guidelines that apply to parking facilities, parking lots, and as Judge Lewin was referring to, come up with a plan, and, you know, we'll approve it if it's reasonable. I mean, that's what district court judges do all the time.  But the problem is then we're going to have the first plaintiff for some reason that finds that that parking space is inadequate. That case is going to be presented to one district court judge who is going to make some determination on that case. We could have a second plaintiff on the same space convince a different district court judge that it is unreasonable. Don't you have related case rules in California? The cases get assigned to the same judge? Not if it's going to be a different plaintiff at a different point in time. It could be the same cases over and over again. The city, the public entities in this state are not adverse to complying with the ADA. That isn't the issue. I mean, you go to various locations around Southern California, and you'll see diagonal parking that has handicapped spaces. Some you do, some you don't, because they don't have a regulation at this point to do it. And if we at this point in time are going to find without a regulation that they have a legal obligation contrary to the proposed guidelines, then we are going to have literally a flood of litigation on the issue to try to find out what's required. Thank you, Your Honor. Thank you. We appreciate your arguments in this interesting case, and that will submit it at this time, and that will end our session for today.
judges: Motz, Paez, Nguyen